1  J. Scott Gerien (SBN 184728)
   Christopher J. Passarelli (SBN 241174)
2  Aaron D. Currie (SBN 245348)
   DICKENSON, PEATMAN & FOGARTY
3  1455 First Street, Ste. 301
   Napa, California 94559
4  Telephone: (707) 252-7122
   Facsimile: (707) 255-6876
5
   Attorneys for Plaintiff,
6  Kelley Rajala

7              IN THE UNITED STATES DISTRICT COURT FOR THE
8
9                    NORTHERN DISTRICT OF CALIFORNIA

10  Rajala, Kelley                          Case No.:

11              Plaintiff,                   **COMPLAINT FOR:**

12      vs.                                  **(1) COPYRIGHT INFRINGEMENT**
                                             **(2) CALIFORNIA FALSE**
13  Sonoma County Go Local Cooperative,          **ADVERTISING**
    Incorporated, a California Corporation,  **(3) UNJUST ENRICHMENT**
14  Sustaining Technologies, LLC and         **(4) CANCELLATION OF CALIFORNIA**
    DOES 1-10,                                   **TRADEMARK AND**
15                                           **(5) DECLARATORY JUDGMENT**
                Defendants.
16                                           **DEMAND FOR JURY TRIAL**
17
18

19          Plaintiff Kelley Rajala ("Rajala" or "Plaintiff") files this Complaint against Defendants

20  Sonoma County Go Local Cooperative, Inc. ("SCGLC"), Sustaining Technologies, LLC

21  ("ST"), and DOES 1-10 (collectively, "Defendants") and alleges as follows:

22                          **NATURE OF ACTION**

23          1.      This is a civil action seeking damages, declaratory relief and injunctive relief for

24  copyright infringement under the United States Copyright Act, 17 U.S.C. § 101, *et seq,* as well

25  as false advertising, unjust enrichment, cancellation of state trademark registration under

26  California State law, declaratory relief and related causes of action.

27          2.      Plaintiff seeks damages and injunctive relief against all Defendants.

28

    COMPLAINT;                                        CASE NO.
    DEMAND FOR JURY TRIAL

1

## JURISDICTION AND VENUE

2      3.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3  This Court also has pendent and/or supplemental jurisdiction over all related claims herein in

4  accordance with 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367(a).

5      4.      This Court has personal jurisdiction over the Defendants, as upon information

6  and belief, Defendants' principal places of business are located within this judicial district, and

7  Defendants, either directly or through their respective agents, transacted business in the State

8  of California and within this judicial district, as more specifically set forth below, and expected

9  or should reasonably have expected their acts to have consequences in the State of California

10  and within this judicial district.

11      5.      Venue is proper in the Northern District of California pursuant to 28 U.S.C.

12  § 1391, as Defendants' principal places of business are located in this judicial district, and

13  Defendants are doing business in this judicial district and therefore may be found in this

14  district, and/or as a substantial part of the events, acts or omissions giving rise to the claims

15  alleged herein occurred in this judicial district.

16

17

## INTRADISTRICT ASSIGNMENT

18      6.      Pursuant to Civil L-R 3-2(c), as relief is being sought in relation to an

19  intellectual property claim, this action may be assigned on a district-wide basis and is therefore

20  proper in any division.

21

22

## THE PARTIES

23      7.      Plaintiff Kelley Rajala is an individual residing in Santa Rosa, California with a

24  mailing address of 531 5th Street, Santa Rosa, California 95401.

25      8.      Upon information and belief, Defendant Sonoma County Go Local Cooperative,

26  Incorporated is a California corporation which maintains its principal place of business at 1300

27  Valley House Drive, Suite 100-40, Rohnert Park, California, 94928, and its address listed with

28  the California Secretary of State is 555 5th Street, #300H, Santa Rosa, California, 95401.

COMPLAINT;                      2                  CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON  PEATMAN ⅏ FOGARTY

1    According to the California Secretary of State "Business Entity Detail" search database located

2    at http://kepler.sos.ca.gov/, SCGLC is a suspended corporation.

3         9.      Upon information and belief, Defendant Sustaining Technologies, LLC is a

4    California limited liability company which maintains its principal place of business at 1206

5    14th Street, Santa Rosa, California 95404.

6         10.     The true names and capacities, whether individual, corporate, associate or

7    otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who

8    therefore sues said Defendants by such fictitious names.  Plaintiff will seek leave of the Court

9    to amend this Complaint when the names of said Defendants have been ascertained.

10        11.     Plaintiff is informed and believes, and upon such information and belief alleges,

11   that at all times herein mentioned Defendants DOES 1 through 10, inclusive, were the agents,

12   employees, servants, consultants, principals, employers or masters of each of their Co-

13   defendants and each Co-defendant has ratified, adopted or approved the acts or omissions

14   hereinafter set forth of the remaining Defendants. Plaintiff is further informed and believes,

15   and upon such information and belief alleges, that each of these fictitiously named Defendants

16   is responsible in some manner for the acts and/or omissions herein alleged.

17

18                           **GENERAL ALLEGATIONS**

19        12.     Plaintiff Rajala has worked for many years as a professional consultant and

20   expert, *inter alia*, in the area of local sustainable economic development.  Plaintiff Rajala is

21   also an accomplished artist and designer.

22        13.     In April 2008, Rajala authored an original two-dimensional visual artwork

23   entitled "Go Local Design Logo," which depicts multiple circular badge logos in a variety of

24   colors, each bearing the word "LOCAL" in conjunction with one or more additional words and

25   immediately followed by the words "Sonoma County" (and in at least one instance,

26   "Healdsburg").  Some of the logos included in this work incorporate an additional graphic

27   design element (e.g., bubbles in the case of CLEAN LOCAL).  This creation has been

28   registered by the U.S. Copyright Office as U.S. Copyright Registration No. VA 1-899-501

COMPLAINT;                           3                    CASE NO.
DEMAND FOR JURY TRIAL

1    (hereinafter "Rajala's Copyright Work").  A copy of the copyright registration certificate and

2    the mandatory deposit for the work are attached hereto as Exhibit 1.

3         14.    The creation of Rajala's Copyright Work required a substantial investment of

4    time, artistic vision, and creative effort on the part of Plaintiff Rajala.

5         15.    On or about April, 2008, Rajala's Copyright Work, or derivatives thereof, was

6    first displayed before the public at the 2008 Sustainable Enterprise Conference as part of a

7    comprehensive branding program for local businesses in Sonoma County spearheaded by

8    Plaintiff Rajala.

9         16.    In or around October 2008, Rajala and several other individuals founded and

10   incorporated Sonoma County Go Local Cooperative, Inc. ("SCGLC"), a California

11   corporation.

12        17.    Beginning in October, 2008, and continuing thereafter, SCGLC commenced its

13   use of Rajala's Copyright Work, reproducing, distributing, and displaying Rajala's Copyright

14   Work, as well as derivatives thereof, in promoting local sustainable economic development

15   with local businesses in Sonoma County.  During Rajala's tenure with SCGLC, SCGLC's use

16   of Rajala's Copyright Work was with the permission of and under license from Plaintiff Rajala

17   as sole author and owner of the work.

18        18.    One of Rajala's primary responsibilities in her role for SCGLC was launching a

19   "Go Local" Campaign to the general public, which campaign prominently included the display

20   and use of Rajala's Copyright Work by SCGLC under license from Rajala.  Rajala's Copyright

21   Work, including the constituent logos comprising Rajala's Copyright Work (hereinafter the

22   "Go Local Logos") was sublicensed by SCGLC to its constituent members, thereby raising

23   sponsorship funds from SCGLC members who participated in the campaign.

24        19.    At all times herein, Plaintiff Rajala reserved all rights in and to Rajala's

25   Copyright Work, including the right to reproduce, distribute, display and create derivative

26   works therefrom, as well as the exclusive right to license Rajala's Copyright Work to third

27   parties.

28

DICKENSON PEATMAN & FOGARTY

COMPLAINT;                          4                      CASE NO.
DEMAND FOR JURY TRIAL

1  20.  The Go Local Logos are used in commerce in the advertising and sale of

2  various goods and services of individuals and entities located within Sonoma County who are

3  members of SCGLC. Each of the Go Local Logos prominently depicts the word "LOCAL" in

4  conjunction with one or more additional words and immediately followed by the words

5  "Sonoma County" (and in at least one instance, "Healdsburg") within a colored circle. Some of

6  the Go Local Logos incorporate an additional graphic design element (e.g., bubbles in the case

7  of CLEAN LOCAL).

8  21.  Upon information and belief, in or around February 2009, SCGLC

9  Officer/Directors Terry Garret, Philip Beard and Derek Huntington founded Defendant ST.

10  Upon information and belief, Derek Huntington is co-founder and consultant for ST while

11  concurrently serving as President of SCGLC; Terry Garrett acts as Co-Managing Member of

12  ST, while concurrently serving as Co-Manager for SCGLC; and Philip Beard is Partner of ST

13  while concurrently serving as Secretary of SCGLC.

14  22.  From the date of her co-founding SCGLC up until November 2, 2009, Rajala's

15  involvement with SCGLC was as an independent contractor.

16  23.  On or around November 2, 2009, Plaintiff Rajala entered into an employment

17  agreement ("Employment Agreement") to act as Executive Director of SCGLC, with duties

18  which included support of SCGLC in the building of a local economic network and

19  development of SCGLC member relations and services.

20  24.  Upon information and belief, beginning in or around March 2012, SCGLC

21  under the direction and control of the three aforementioned SCGLC Officer/Directors: Garrett,

22  Beard and Huntington, purported to grant an exclusive license to ST on behalf of SCGLC as

23  purported licensor for the use of both Rajala's Copyright Work and the Go Local Logos

24  without Plaintiff's authorization, despite Plaintiff's objection.

25  25.  On or around September 21, 2010, Plaintiff tendered her resignation as

26  Executive Director of SCGLC, effective October 10, 2010.

27  26.  In her September 21, 2010 letter of resignation, Plaintiff requested that SCGLC

28  enter into a formal license agreement to enable SCGLC to continue its use of Rajala's

COMPLAINT;  5  CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN & FOGARTY

1    Copyright Work and the Go Local Logos in connection with the activities of SCGLC within

2    Sonoma County subsequent to Plaintiff's resignation.

3        27.    In response, in or around September 2010, SCGLC President Derek Huntington

4    on behalf of the SCGLC Board of Directors requested that Plaintiff present a written license

5    agreement to the SCGLC Board.

6        28.    In reliance upon SCGLC's request, in or around October 2010, Plaintiff hired

7    attorney Erin Carlstrom of the law firm Le+Pelletier to prepare said license agreement for

8    execution by Plaintiff and Defendant SCGLC, respectively, and Plaintiff thereafter duly

9    presented the draft license agreement to the SCGLC Board for execution. SCGLC did not

10   immediately respond.

11       29.    On or around November 12, 2010, Plaintiff reiterated her prior offer to license

12   Rajala's Copyright Work and the Go Local Logos to SCGLC for SCGLC's continued use in

13   connection with the activities of SCGLC. SCGLC did not immediately respond.

14       30.    On or around November 22, 2010, Plaintiff formed ShareExchange

15   Cooperative, a small business cooperative in downtown Santa Rosa, and launched Made Local

16   Marketplace, a gift shop with hand-made pottery, textiles, artwork, food, jewelry, kids' clothing

17   and herbal products.

18       31.    Upon information and belief, in or around January 2011, without Plaintiff's

19   permission or approval, SCGLC and/or ST filed Rajala's Copyright Work and/or the Go Local

20   Logos under the Creative Commons Attribution-ShareAlike 3.0 Unported License, thereby

21   authorizing third parties to freely use Rajala's Copyright Work.

22       32.    On or around February 11, 2011, Plaintiff again reiterated her prior offer to

23   license Rajala's Copyright Work to SCGLC and once again put SCGLC on notice of her claim

24   of right to Rajala's Copyright Work and the Go Local Logos, and demanded that SCGLC

25   terminate its license under the Creative Commons and sign a formal license agreement with

26   Plaintiff in order for SCGLC to continue its use of Rajala's Copyright Work, derivatives

27   thereof, and the Go Local Logos.

28

COMPLAINT;                           6                      CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN & FOGARTY

33.     On or around November 8, 2011, Plaintiff applied with the U.S. Patent and Trademark Office ("USPTO") for registration of the trademark MADE LOCAL MARKETPLACE (with Design), for "Retail markets featuring locally made or created crafts, food, art and books," in International Class 035, which eventually matured into U.S. Trademark Registration No. 4,362,514, issued on the Supplemental Register on July 2, 2013 as depicted in Exhibit 2 hereto.  Said registration is valid, subsisting and in full force.  However, the USPTO found the words MADE LOCAL MARKETPLACE to be descriptive and not exclusively protectable.

34.     Upon information and belief, in or around December 2011, without Plaintiff's permission or approval, SCGLC sublicensed Rajala's Copyright Work  and/or the Go Local Logos to the Five County Food System Alliance over Plaintiff's objection and despite Plaintiff's insistence that SCGLC possessed no right to license Rajala's Copyright Work  to a third party absent Plaintiff's permission.

35.     Upon information and belief, in or around March 2012, after consideration of the draft license agreement provided by Plaintiff over a period of several months, SCGLC unexpectedly refused to take a license from Plaintiff for its continued use of Rajala's Copyright Work and the Go Local Logos.

36.     Upon information and belief, in or around March 2012, without Plaintiff's permission or approval and over Plaintiff's objection, Defendant SCGLC sublicensed Rajala's Copyright Work and the Go Local Logos to Defendant ST for ST's use in connection with the offer for sale and sale of ST's website platform and a "Reward Cards" program for local Sonoma County businesses.

37.     On or around March 7, 2012, SCGLC Director Scott Leonard on behalf of the SCGLC Board acknowledged Plaintiff Rajala's sole authorship in designing Rajala's Copyright Work and offered Rajala attribution on SCGLC's website in return for a relinquishment of Rajala's intellectual property rights in and to Rajala's Copyright Work and the Go Local Logos.  Plaintiff rejected the proposal.

DICKENSON PEATMAN & FOGARTY

38.     On or around March 13, 2012, Plaintiff notified SCGLC Director Scott Leonard via email that she intended to carry on her sustainable local economic development and community work under the name MADE LOCAL MARKETPLACE and again reiterated her offer to SCGLC to grant a license to SCGLC to allow it to continue its use of Rajala's Copyright Work and the Go Local Logos.

39.     On or around May 14, 2012, Plaintiff corresponded in writing to the SCGLC Board of Directors and again reiterated her claim of right in Rajala's Copyright Work and the Go Local Logos and voiced her objections to the unauthorized use of Rajala's Copyright Work and derivatives, as well as the Go Local Logos by ST, as well as, the filing of Rajala's Copyright Work with the Creative Commons without Plaintiff's permission.

40.     In or around June 2013, Plaintiff applied for registration of copyright in Rajala's Copyright Work, entitled: "Go Local Design Logo," which registration issued as U.S. Copyright Registration No. VA 1-899-501, having a registration date of October 7, 2013, as depicted in Exhibit 1 hereto. Said registration is valid, subsisting and in full force.

41.     Upon information and belief, in or around late 2013, without Plaintiff's permission or approval, and over Plaintiff's objection, Defendant SCGLC sublicensed Rajala's Copyright Work and the Go Local Logos to Defendant ST for its use in connection with the production of Made Local Magazine, using an unauthorized derivative of the Made Local logo design.  The first issue was released in or around December 2013.

42.     On or around February 13, 2014, SCGLC sent a letter to Rajala/Made Local Marketplace objecting to the use of the mark MADE LOCAL MARKETPLACE on signage for her store on the purported basis of likelihood of confusion with one or more of the Go Local Logos.

43.     On or around February 13, 2014, Plaintiff learned that SCGLC had obtained California state trademark registrations for the marks MADE LOCAL and Design (State Trademark Reg. No. 67834) and MADE LOCAL (State Trademark Reg. No. 67833) on March 26, 2012, claiming first use of these marks on March 15, 2010.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DICKENSON PEATMAN ⚭ FOGARTY

44.     Plaintiff has also learned that SCGLC has obtained California state trademark registrations for the marks BANK LOCAL and Design (State Trademark Reg. No. 67924) and GO LOCAL SONOMA COUNTY and Design (State Trademark Reg. No. 67830).

45.     Upon information and belief, subsequent to Plaintiff's departure from SCGLC, Defendants SCGLC and ST have continued to use Rajala's Copyright Work without Plaintiff's authorization for SCGLC's and ST's own financial benefit, and in so doing have modified and/or created unauthorized derivative works of Rajala's Copyright Work, and are using Rajala's Copyright Work and/or derivatives thereof in direct competition with Plaintiff Rajala, despite her expressed objections.

46.     Upon information and belief, subsequent to Plaintiff's departure from SCGLC, Defendants SCGLC and ST have continued to use the Go Local Logos in commerce without Plaintiff's authorization, in direct competition with Plaintiff Rajala, despite her objections.

47.     Upon information and belief, SCGLC's unauthorized use of Rajala's Copyright Work, derivatives thereof, and the Go Local Logos and associated branding has produced a commercial media value to SCGLC in excess of $8 million.

48.     Upon information and belief, SCGLC estimates that its GO LOCAL rewards card loyalty program, which prominently incorporates the use of Rajala's Copyright Work, derivatives thereof, and the Go Local Logos and associated branding, this year will generate $6 million in sales.

49.     Upon information and belief, Defendant ST has and continues to reap substantial profits from the infringing use of Rajala's Copyright Work and the Go Local Logos, including the infringing use by SCGLC and third parties, which infringement ST induces and/or otherwise facilitates.

50.     Upon information and belief, at all times herein, Defendants had notice of Plaintiff's exclusive copyright in and to Rajala's Copyright Work.

51.     Upon information and belief, Defendant SCGLC, with notice of Plaintiff's exclusive rights in and to the Go Local Logos, nevertheless sought and obtained California state trademark registration of one or more of the logo designs subject of Rajala's Copyright

COMPLAINT;
DEMAND FOR JURY TRIAL

9

CASE NO.

1  Work and/or unauthorized derivatives thereof, and/or the Go Local Logos from the California
2  Secretary of State.

3      52.     Upon information and belief, beginning in or around 2011, and continuing to
4  date, the corporate status of Defendant SCGLC has been and is currently suspended by the
5  California Secretary of State.  Upon information and belief, SCGLC therefore does not legally
6  qualify to transact business within the State of California.

7

8                          **FIRST CLAIM FOR RELIEF**
9                     (Copyright Infringement under 17 U.S.C. § 501)

10     53.     Plaintiff realleges each and every allegation set forth in Paragraphs 1 through
11  and inclusive of the immediately preceding paragraph, and incorporates them as though fully
12  set forth herein.

13     54.     Plaintiff is the owner, creator and exclusive copyright holder of "Go Local
14  Design Logo" ("Rajala's Copyright Work") duly registered with the U.S. Copyright Office
15  under Registration No. VA 1-899-501.  A copy of the Certificate of Registration is attached as
16  Exhibit 1 hereto.

17     55.     Rajala's Copyright Work is an original work of authorship and constitutes
18  copyrightable subject matter.

19     56.     Plaintiff is, and at all relevant times has been, the copyright owner of exclusive
20  rights with respect to Rajala's Copyright Work and has never assigned the copyright to
21  Defendants or dedicated such copyright to the public.

22     57.     Plaintiff has not executed any document effecting transfer of rights to
23  Defendants or any third party.

24     58.     Defendants have, without permission or authority, reproduced, distributed,
25  displayed and created unauthorized derivative works derived from Plaintiff's copyrighted
26  work, *inter alia*, on the website: < http://sonomacounty.golocal.coop/>.

27     59.     Upon information and belief, Defendants have, without permission or authority,
28  indirectly and directly influenced others to reproduce, distribute, display and create

COMPLAINT;                        10                     CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN & FOGARTY

1   unauthorized derivative works derived from Rajala's Copyright Work, *inter alia*, on numerous

2   websites, including but not limited to: <http://www.sustainingtechnologies.com/about/>.

3         60.    Defendants have knowingly and intentionally reproduced, distributed, displayed

4   and created unauthorized derivative works derived from Rajala's Copyright Work in

5   furtherance of their respective businesses and in knowing disregard of Plaintiff's rights.

6         61.    Defendants' deliberate and unauthorized use of Rajala's Copyright Work

7   despite knowledge of a lack of licensing agreement with Plaintiff constitutes willful violation

8   of Plaintiff's rights.

9         62.    As a result of Defendants' infringement of Rajala's Copyright Work and

10   exclusive rights under copyright, Plaintiff is entitled to actual damages and any additional

11   profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs

12   under 17 U.S.C. § 505.

13         63.    Upon information and belief, the aforementioned conduct of Defendants is

14   causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great

15   and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no

16   adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to

17   injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights, and

18   ordering Defendants to destroy all copies of Rajala's Copyright Work and derivatives thereof.

19         WHEREFORE, Plaintiff prays for relief against Defendants as set forth below.

20

21   **SECOND CLAIM FOR RELIEF**
    (Contributory Copyright Infringement)

22

23         64.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through

24   and inclusive of the immediately preceding paragraph, and incorporates them as though fully

25   set forth herein.

26         65.    Upon information and belief Defendants, and each of them, without the

27   permission or consent of Plaintiff, have participated in an ongoing, concerted effort directed at

28   making Rajala's Copyright Work, and derivatives thereof, available for distribution to

COMPLAINT;                    11                    CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN &amp; FOGARTY

1    themselves as well as to others, have and continue to distribute Rajala's Copyright Work to the

2    public, and to make Rajala's Copyright Work available for distribution to others.

3         66.    In so doing, Defendants have violated Plaintiff's exclusive rights of

4    reproduction and distribution.

5         67.    By participating in the foregoing activity, Defendants induced, caused, or

6    materially contributed to the infringement of Plaintiff's copyright and exclusive rights under

7    copyright by other individuals and entities.

8         68.    Plaintiff may amend this Complaint once it has identified the DOE Defendants

9    in addition to SCGLC and ST who have, without the permission or consent of Plaintiff,

10   contributed to the infringement of Plaintiff's copyright.

11        69.    Defendants' acts of contributory infringement have been willful, intentional, in

12   disregard of, and with indifference to the rights of Plaintiff.

13        70.    As a result of Defendants' contributory infringement of Rajala's Copyright

14   Work and exclusive rights under copyright, Plaintiff is entitled to actual damages and any

15   additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees

16   and costs under 17 U.S.C. § 505.

17        71.    The aforementioned conduct of Defendants is causing and, unless enjoined and

18   restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

19        72.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief

20   prohibiting Defendants from further contributing to the infringement of Plaintiff's copyright

21   and ordering that Defendants destroy all copies of Rajala's Copyright Work in their possession,

22   including unauthorized derivatives thereof, made in violation of Plaintiff's exclusive rights to

23   the copyright.

24        WHEREFORE, Plaintiff prays for relief against Defendants as set forth below.

25   //

26   //

27   //

28

COMPLAINT;                          12                    CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN & FOGARTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DICKENSON PEATMAN FOGARTY

## THIRD CLAIM FOR RELIEF
(Vicarious Copyright Infringement)

73.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through and inclusive of the immediately preceding paragraph, and incorporates them as though fully set forth herein.

74.    Upon information and belief, Defendants purport to license and/or sublicense Rajala's Copyright Work, and/or unauthorized derivatives thereof, to third party entities and individuals without Plaintiff's authorization, which results in further infringement of Rajala's Copyright Work on the part of such third party entities and individuals.

75.    Upon information and belief, Defendants have a financial interest in the infringing activity of said third party entities and individuals using Rajala's Copyright Work or unauthorized derivatives thereof, *inter alia*, as Defendants collect membership revenues and/or payments for services at least in part on the basis of their unauthorized licensing activities.

76.    Upon information and belief, Defendants have the right and ability to supervise the infringing activity of said third party entities and individuals purportedly using Rajala's Copyright Work or unauthorized derivatives thereof under license or sublicense to SCGLC and/or ST, *inter alia*, as upon information and belief, Defendants have established guidelines regarding the permissible use of Rajala's Copyright Work by SCGLC members and other third parties.

77.    By participating in the foregoing activity, Defendants have vicariously infringed Plaintiff's copyright and exclusive rights under copyright through the infringements of other individuals and entities.

78.    Plaintiff may amend this Complaint once it has identified the DOE Defendants in addition to SCGLC and ST who have, without the permission or consent of Plaintiff, infringed Plaintiff's copyright.

79.    Defendants' acts of vicarious infringement have been willful, intentional, in disregard of, and with indifference to the rights of Plaintiff.

COMPLAINT;                              13                        CASE NO.
DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DICKENSON PEATMAN ✌ FOGARTY

80.    As a result of the aforesaid vicarious infringement of Rajala's Copyright Work and exclusive rights under copyright, Plaintiff is entitled to actual damages and any additional profits of Defendants under 17 U.S.C. § 504 (a) and (b), and to its attorneys' fees and costs under 17 U.S.C. § 505.

81.    The conduct of Defendants is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury.

82.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further vicarious infringement of Plaintiff's copyright and ordering that Defendants cease their unauthorized licensing activities in connection with Rajala's Copyright Work.

WHEREFORE, Plaintiff prays for relief against Defendants as set forth below.

## FOURTH CLAIM FOR RELIEF
(False Advertising under Cal. Bus. & Prof. Code § 17500, *et seq.*)

83.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through and inclusive of the immediately preceding paragraph, and incorporates them as though fully set forth herein.

84.    Defendants, by the foregoing conduct, have disseminated, and will continue to disseminate, advertising that Defendants know, or by the exercise of reasonable care should know, is likely to deceive members of the public, *inter alia*, by denying Plaintiff's authorship and ownership of Rajala's Copyright Work.

85.    Plaintiff was and currently is in fact being injured and has lost or is losing money and property rights as a result of Defendants' violation of the false advertising law.

86.    Defendants' above-averred actions constitute false and/or misleading advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq*.

87.    Plaintiff has no adequate remedy at law for Defendants' above-stated wrongful acts and thus is entitled to injunctive relief.

COMPLAINT;                                14                    CASE NO.
DEMAND FOR JURY TRIAL

1    WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants as

2    set forth below.

3

4    **FIFTH CLAIM FOR RELIEF**
     (Cancellation of California State Trademark Registrations)
5

6    88.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through

7    and inclusive of the immediately preceding paragraph, and incorporates them as though fully

8    set forth herein.

9    89.    Upon information and belief, Defendant SCGLC is not qualified to operate as a

10   California Corporation and cannot transact business within the State of California whatsoever,

11   including under any trademark, trade name, fictitious business name or other designation.

12   90.    Upon information and belief, due *inter alia*, to its suspended corporate status,

13   since 2011 Defendant SCGLC has not used and cannot qualify to maintain its claimed

14   trademarks and/or service marks, including marks registered with the California Secretary of

15   State or the U.S. Patent and Trademark Office, and therefore such trademarks are subject to

16   cancellation.

17   91.    Upon information and belief, since Defendant SCGLC cannot legally transact

18   business within the State of California, any use by SCGLC of trademarks and/or service marks

19   in commerce since SCGLC's suspension in 2011 does not qualify as lawful trademark use.

20   92.    Upon information and belief, certain of Defendant SCGLC's purported

21   California state trademark registrations and other claimed trademarks and service marks are

22   comprised in whole or in part of Rajala's Copyright Work, which is owned by Plaintiff, not

23   Defendant SCGLC; and such California state trademark registrations should therefore be

24   cancelled.

25   93.    Upon information and belief, Defendant SCGLC's purported California state

26   trademark registration for the word mark MADE LOCAL is descriptive and has not acquired

27   distinctiveness and had not done so at the time of filing the trademark application therefor.  On

28   such basis, the MADE LOCAL California state trademark registration shall be cancelled.

COMPLAINT;                                    15                        CASE NO.
DEMAND FOR JURY TRIAL

DICKENSON PEATMAN 🥀 FOGARTY

1    94.    Upon information and belief, Defendant SCGLC therefore has no trademark or

2    service mark rights whatsoever under California State and/or federal law.

3    95.    Apart from California State Trademark Nos. 67830, 67833, 67834 and 67924,

4    Plaintiff is currently unaware of the reference number for Defendant SCGLC's purported

5    California state trademark registrations, but will amend this Complaint to include such

6    information upon obtaining the same.

7    WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants as

8    set forth below.

9

10                        **SIXTH CLAIM FOR RELIEF**
                           (Declaration of Noninfringement of
11                    Trademark under 28 U.S.C. § 2201 and § 2202)

12

13   96.    Plaintiff realleges each and every allegation set forth in Paragraphs 1 through

14   and inclusive of the immediately preceding paragraph, and incorporates them as though fully

15   set forth herein.

16   97.    There is presently a dispute between Plaintiff and Defendants regarding the

17   parties' respective rights.

18   98.    Defendant SCGLC, on the one hand, contends that it owns rights in the

19   trademark MADE LOCAL and variations thereof, and that Plaintiff's use of the mark MADE

20   LOCAL MARKETPLACE will cause confusion among the relevant consumers, and/or that

21   Plaintiff and Defendant SCGLC are affiliated or connected with one another, and that

22   Plaintiff's use of the mark MADE LOCAL MARKETPLACE constitutes and infringement of

23   Defendant SCGLC's rights and unfair competition.

24   99.    Plaintiff disputes Defendant SCGLC's claim of right to the words "MADE

25   LOCAL" insofar as the terms are descriptive, as evidenced by Plaintiff's U.S. Trademark

26   Registration No. 4,362,514 with disclaimer of the phrase "MADE LOCAL" and Plaintiff does

27   not infringe any other rights belonging to Defendant SCGLC.

28

COMPLAINT;                                    16                      CASE NO.
DEMAND FOR JURY TRIAL

100.   Plaintiff disputes Defendant SCGLC's contentions and contends that its use in commerce and/or registration of the mark MADE LOCAL MARKETPLACE does not infringe any valid, enforceable trademark rights of Defendant SCGLC or constitute unfair competition under any federal or state trademark or unfair competition laws.

101.   Based on the foregoing, pursuant to 28 U.S.C. §§ 2201 and 2202, Plaintiff is entitled to a judicial declaration that its use of the trademark MADE LOCAL MARKETPLACE: (i) does not infringe any rights of Defendant SCGLC in the MADE LOCAL mark or variations; and (ii) does not constitute unfair competition.

WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants as set forth below.

### SEVENTH CLAIM FOR RELIEF
(Unjust Enrichment)

102.   Plaintiff realleges each and every allegation set forth in Paragraphs 1 through and inclusive of the immediately preceding paragraph, and incorporates them as though fully set forth herein.

103.   As a further proximate result of Defendants' wrongful acts described herein, Defendants were unjustly enriched at the expense of Plaintiff. Such unjust enrichment includes: (a) the value of the use of Rajala's Copyright Work and the Go Local Logos for the commercial purposes made thereof by Defendants; and (b) the amount of Defendants' gross revenues attributable to the use and licensing of Rajala's Copyright Work and the Go Local Logos as alleged herein.

104.   Defendants are under both express and implied-in-fact contractual obligations to pay Plaintiff, forthwith, the entire amount by which they have been unjustly enriched, and Defendants should be ordered to disgorge to Plaintiff the full amount of the unjust enrichment.

WHEREFORE, Plaintiff prays for judgment and injunctive relief against Defendants as set forth below.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief against Defendants, and each of them, as follows, that the Court:

1.      Hold that Defendants infringed Plaintiff's copyright as shown in U.S. Copyright Registration No. VA 1-899-501, the "Go Local Design Logo" 2-D visual artwork and preliminarily and permanently enjoin Defendants from all further use of the Rajala Copyright Work and the Go Local Logos;

2.      Order Defendants to account for and pay to Plaintiff damages suffered by Plaintiff as a result of Defendants' unlawful acts, including compensation for Defendants' unauthorized use and licensing of the Rajala Copyright Work and Go Local Logos;

3.      Cancel any and all of Defendants' California state and/or federal trademark and service mark registrations encompassing the Rajala Copyright Work and/or Go Local Logos and the registrations for the mark MADE LOCAL;

4.      Declare that Plaintiff's registered mark MADE LOCAL MARKETPLACE does not infringe any trademark or service mark rights of Defendant SCGLC;

5.      Order an award in favor of Plaintiff in an amount by which Defendants have been unjustly enriched, which amount is presently unknown and shall be determined at trial; and

6.      Grant to Plaintiff such other relief as the Court deems just and equitable.

//
//
//

COMPLAINT;
DEMAND FOR JURY TRIAL

18

CASE NO.

1

Date: January 30, 2015

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By _____

J. Scott Gerien
Christopher J. Passarelli
Aaron D. Currie
1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Kelley Rajala

DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury in this matter.

Dated: January 30, 2015

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
J. Scott Gerien
Christopher J. Passarelli
Aaron D. Currie

1455 First Street, Ste. 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
Kelley Rajala

**Exhibit 1**

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

Register of Copyrights, United States of America

**Registration Number**

## VA 1-899-501

**Effective date of registration:**

October 7, 2013

## Title

**Title of Work:** Go Local Design Logo

## Completion/Publication

**Year of Completion:** 2008

**Date of 1st Publication:** April 1, 2008        **Nation of 1st Publication:** United States

## Author

■        **Author:** Kelley Rajala

**Author Created:** 2-D artwork

**Citizen of:** United States        **Domiciled in:** United States

**Year Born:** 1969        **Year Died:** 1969

## Copyright claimant

**Copyright Claimant:** Kelley Rajala

531 5th Street, Santa Rosa, CA, 95401, United States

## Rights and Permissions

**Organization Name:** Dickenson, Peatman & Fogarty

**Name:** J. Scott Gerien

**Email:** tmdept@dpf-law.com        **Telephone:** 707-252-7122

**Address:** 1455 First Street, Ste. 301

Napa, CA 94559

## Certification

**Name:** J. Scott Gerien

**Date:** June 7, 2013

**Applicant's Tracking Number:** LOCA001

**Correspondence:** Yes

**Registration #:**  VA0001899501
**Service Request #:**  1-946820611



Dickenson, Peatman & Fogarty
J. Scott Gerien
1455 First Street, Ste. 301
Napa, CA 94559  United States
































**Exhibit 2**

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,362,514**

**Registered July 2, 2013**

RAJALA, KELLEY (UNITED STATES INDIVIDUAL)
829 WHEELER STREET
SANTA ROSA, CA 95404

**Int. Cl.: 35**

FOR: RETAIL MARKETS FEATURING LOCALLY MADE OR CREATED CRAFTS, FOOD, ART AND BOOKS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**SERVICE MARK**

FIRST USE 12-16-2010; IN COMMERCE 12-16-2010.

**SUPPLEMENTAL REGISTER** NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "MARKETPLACE", APART FROM THE MARK AS SHOWN.

THE COLOR(S) RED AND WHITE IS/ARE CLAIMED AS A FEATURE OF THE MARK.

THE MARK CONSISTS OF A RED OVAL WITH A BORDER OF WHITE DOTS WITH THE WORDS "MADE LOCAL MARKETPLACE." THE WORD "MARKETPLACE" IS IN THE SCRIPT FONT: FILMOTYPE JESSY.

SER. NO. 85-467,146, FILED P.R. 11-8-2011; AM. S.R. 4-10-2013.

JOHN DALIER, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office