Craig M. Stainbrook, Calif. State Bar #160876
E-mail: craig@stainbrookllp.com
STAINBROOK & STAINBROOK, LLP
412 Aviation Boulevard, Suite H
Santa Rosa, California 95403
707.578.9333 phone
707.578.3133 fax

Attorneys for Defendants,
Sonoma County Go Local Cooperative,
Incorporated and Sustaining Technologies, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelley Rajala,<br><br>        Plaintiff,<br><br>   vs.<br><br>Sonoma County Go Local Cooperative,<br>Incorporated, Et Al.,<br><br>        Defendants | **Case No.: 15-CV-00442-JST**<br><br>**NOTICE OF MOTION TO AMEND DEFENDANTS SONOMA COUNTY GO LOCAL, INC'S AND SUSTAINING TECHNOLOGIES, LLC'S ANSWER, DEFENSES AND COUNTERCLAIMS** |
| Sonoma County Go Local Cooperative,<br>Incorporated and Sustaining Technologies,<br>LLC,<br><br>        Counterclaimants,<br>   vs.<br><br>Rajala, Kelley, an individual, and<br>Local Works, Flexible Purpose Corporation,<br>A California Corporation,<br><br>        Counterclaim Defendants. | Date: 01-21-16<br>Time: 2:00 pm<br>Dept: Courtroom 9 - 19th Floor<br><br>Honorable Jon S. Tigar<br><br>Deadline to Amend Pleadings: 12/11/15<br>Fact Discovery Cut-Off: 1/15/16<br>Expert Discovery Cut-Off: 5/13/16<br>Deadline To File Dispositive Motions: 06/10/16<br>Pretrial Conference: 09/09/2016<br>Trial: 09/26/2016 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on January 21, 2016, at 2:00 p.m., before the Honorable Jon S. Tigar in Courtroom 9 on the 19th Floor of the United States District Court, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Defendants Sonoma County Go Local Cooperative, Incorporated and Sustaining Technologies, LLC, (collectively, "Defendants") will and hereby do move the Court for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15(a).

This Motion shall be based on this Notice, the Memorandum of Points and Authorities in Support, and the Proposed Amended Complaint attached hereto, such evidence as is presented at the time of the hearing, and any other material the Court shall deem just and proper.

Moving party respectfully requests that the Court take notice that the parties, through their respective counsel, have conferred and plaintiff has no opposition to the proposed amendments.

Respectfully Submitted,

Dated: December 11, 2015     STAINBROOK & STAINBROOK, LLP
By: */s/ Craig M. Stainbrook*
Craig M. Stainbrook
craig@stainbrookllp.com

*Attorneys for Defendant, Meras Engineering, Inc.*

| | |
|---|---|
| 1 | Craig M. Stainbrook, Calif. State Bar #160876 |
| 2 | E-mail: craig@stainbrookllp.com |
|   | STAINBROOK & STAINBROOK, LLP |
| 3 | 412 Aviation Boulevard, Suite H |
|   | Santa Rosa, California 95403 |
| 4 | 707.578.9333 phone |
| 5 | 707.578.3133 fax |
| 6 | Attorneys for Defendants, |
|   | Sonoma County Go Local Cooperative, |
| 7 | Incorporated and Sustaining Technologies, LLC |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelley Rajala, | Case No.: 15-CV-00442-JST |
| Plaintiff, | DEFENDANTS SONOMA COUNTY GO LOCAL, INC'S AND SUSTAINING TECHNOLOGIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND THEIR ANSWER, DEFENSES AND COUNTERCLAIMS |
| vs. | |
| Sonoma County Go Local Cooperative, Incorporated, Et Al., | |
| Defendants | |
| Sonoma County Go Local Cooperative, Incorporated and Sustaining Technologies, LLC, | Date: 01-21-16 |
| | Time: 2:00 pm |
| | Dept: Courtroom 9 - 19th Floor |
| Counterclaimants, | |
| vs. | Honorable Jon S. Tigar |
| Rajala, Kelley, an individual, and Local Works, Flexible Purpose Corporation, A California Corporation, | Deadline to Amend Pleadings: 12/11/15 |
| | Fact Discovery Cut-Off: 1/15/16 |
| | Expert Discovery Cut-Off: 5/13/16 |
| Counterclaim Defendants. | Deadline To File Dispositive Motions: 06/10/16 |
| | Pretrial Conference: 09/09/2016 |
| | Trial: 09/26/2016 |

DEFENDANTS SONOMA COUNTY GO LOCAL, INC'S AND SUSTAINING TECHNOLOGIES, LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO AMEND ANSWER, DEFENSES AND COUNTERCLAIMS

Case. No. 15-CV-442-JST

## ARGUMENT

As explained during the recent conference, Defendants seek to amend their Defenses for the limited purpose of clarifying that the defenses include not only Plaintiff's implied consent to use her alleged rights, but her implied license as well. A redlined version of the proposed Amended Answer, Defenses, and Counterclaims (as compared to the originally filed Answer, Defenses, and Counterclaims) is attached hereto as Exhibit 1 and demonstrates the minor extent of the proposed changes.

This motion to amend comes prior to the expiration of the deadline to make such amendments, as established by the Court's Amended Scheduling Order (Docket #54). Thus, the liberal standards of Federal Rule of Civil Procedure 15 apply, rather than the more stringent standards of Rule 16. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."). Pursuant to Rule 15, leave to amend should be freely given. Fed.R.Civ.P. 15 (a)(2). Under this liberal standard, the Court's analysis focuses on the bad faith of the party seeking the amendment; absent bad faith, the amendment should be granted.

Given the nature of the proposed amendment, the timing of the motion, and the reason for the motion, there is no basis to conclude that Defendants make the motion in bad faith. As explained during the recent conference, the bulk of the case law supports the notion that an "implied license" is but one form of "implied consent," such that Defendants' original Answer, in which it pled implied consent, is sufficient to allege a defense of an implied license. But, Defendants did recently learn of some case law that could arguably be read to treat "implied consent" and "implied license" as different or separate defenses. Thus, out of an abundance of caution and so as to preserve all of its relevant defenses, Defendants seek to amend their Defenses so as to separately and explicitly allege the defense of an implied license.

As noted above, the motion comes before the expiration of the deadline to amend the pleadings. As shown in the attached redline, the proposed changes are minimal. Nothing about the proposed changes would cause Plaintiff to alter her litigation strategy or would require her to take different or additional discovery. Further, the parties, through their respective counsel, have conferred and plaintiff has no opposition to the proposed amendments. Accordingly, Defendants should be permitted to amend their Answer, Defenses, and Counterclaims.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Amend should be granted in its entirety.

Respectfully Submitted,

Dated: December 11, 2015

STAINBROOK & STAINBROOK, LLP
By: */s/ Craig M. Stainbrook*
Craig M. Stainbrook
craig@stainbrookllp.com
*Attorneys for Defendant, Meras Engineering, Inc.*